UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VENICE BROWN,                                    Case No. 08 CV 8372

        Plaintiff,

                                   Hon. Marvin E. Aspen

        -against-

ALEXANDRO PAGAN and LILY
TRANSPORTATION CORP.,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

USDS SDNY

. . . . . . . . .

. . . . . . CALLY FILED

DOC #: _____

DATE FILED: 4/8/10

MARVIN E. ASPEN, District Judge:

        Plaintiff Venice Brown is suing Defendants Alexandro Pagan and Lily Transportation

Corporation ("Lily") for injuries she sustained in a motor vehicle accident when she collided with

a truck owned by Lily and driven by Pagan.  Presently before us is Brown's motion in limine

requesting that Defendants be precluded from offering four pieces of evidence at trial.  As set

forth in more detail below, we deny the motion.

        First, Brown requests that Defendants be precluded on relevance grounds from proffering

any evidence or testimony from Brown regarding any and all motor vehicle accidents Brown may

have been involved in subsequent to the January 25, 2007 accident that gives rise to this case.

Brown testified in her deposition about at least one subsequent accident that occurred about one

week after the accident involving Defendants.  In her deposition, she testified that she sustained

no injuries from the second accident and that all of her alleged damages in this case stem solely

from the January 25, 2007 accident involving Defendants.  Relying on this testimony, Brown

argues that any subsequent accidents are not relevant in this case or are at least unduly

prejudicial. Brown has alleged a variety of physical injuries, and to make her case she must prove that these injuries were caused by the accident with Defendants. The circumstances of any subsequent accidents bear directly on this question of causation, and a perhaps also as to damages issues. Thus evidence about the accidents is relevant.

Second, Brown requests that Defendants be precluded on hearsay grounds from using as an exhibit at trial the police report dated January 25, 2007, attached to her motion as exhibit B. The report must be broken down into its component parts to assess its admissibility. The report itself is admissible under the public record exception to the hearsay rule, Fed. R. Evid. 803(8); *Parsons v. Honeywell Inc.*, 929 F.2d 901, 907 (2d Cir. 1991), and the police officer who created the report and is listed as a witness can lay the appropriate foundation for the exception through trial testimony. However, the report contains statements made by Brown and Pagan to the officer, which are hearsay within hearsay and must fit into their own hearsay exceptions to be admissible. Fed. R. Evid. 805. Brown's statement within the report, if offered by Defendants, is the admission of a party opponent, and thus is admissible. Fed. R. Evid. 801(d)(2). As for Pagan's statement within the report, Defendants state that they expect that at trial Brown will state or imply that Pagan's live testimony about the accident—which Defendants claim will be consistent with his statement in the police report—is a recent fabrication. If this occurs, Defendants intend to use his statement in the police report as a prior consistent statement to rebut the claim of recent fabrication, as permitted by Fed. R. Evid. 801(d)(1)(B). Accordingly, we deny Brown's request to exclude the police report, with the understanding that if no claim of recent fabrication is made, Pagan's statement within the police report will be inadmissible.

Third, Brown requests that Defendants be precluded on hearsay grounds from using as an exhibit at trial the internal accident report created by Defendants, attached to the motion as

exhibit C.  According to Defendants, the document was created on the day of the accident.  The first page (of two) appears to have been signed by Pagan, and the second page appears to be based on information transmitted by Pagan.  If Pagan or other witnesses can testify at trial as to how and when the document was created and whether Lily creates and keeps such accident reports in the regular course of its business, the document would qualify for the business records exception to the hearsay rule.  Fed. R. Evid. 803(6).  Brown's third request is denied; the internal report is admissible if proper foundation is provided at trial.

Fourth and finally, Brown requests that Defendants be precluded from using as an exhibit at trial Brown's deposition transcript, attached to the motion as exhibit A.  Her deposition transcript is admissible as the admission of a party opponent, Fed. R. Evid. 801(d)(2), and may be used for any purpose at trial, Fed. R. Civ. P. 32(a)(3).  Accordingly, we deny Brown's fourth request.

It is so ordered.


Marvin E. Aspen
U.S. District Judge

Dated: April 8, 2010